**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| HORIZON THERAPEUTICS, INC., | § § § | |
| Plaintiff, | § § | |
| v. | § § | Case No. 2:14-cv-00384-JRG-RSP |
| PAR PHARMACEUTICAL, INC., | § § § | |
| Defendant. | § | |

**ORDER**

Pending before the Court is Defendant Par's Renewed Motion to Stay (Dkt. No. 151) which asks the Court to stay this case because the PTAB has instituted IPR on all claims in the Asserted Patents.[1] Par argues for a stay because the IPR decision will simplify the case. Par states that there are only two possible IPR decisions which will either (1) end the case entirely; or (2) largely remove Par's obviousness defense. (*See* Dkt. No. 151 at 1–2.) Plaintiff Horizon opposes a stay. It claims that three factors counsel against it: (1) "the late stage of this litigation"; (2) "the likelihood that resolution of the [IPR] . . . of [the Asserted Patents] will not resolve all of, or even significantly simplify, the issues in this litigation,"; and (3) "the extensive delay that such a stay would inevitably cause to the resolution of this litigation and Horizon's enforcement of its patent rights." (Dkt. No. 161 at 1.)

"District courts typically consider three factors when determining whether to grant a stay pending inter partes review of a patent in suit: (1) whether the stay will unduly prejudice the nonmoving party, (2) whether the proceedings before the court have reached an advanced stage, including whether discovery is complete and a trial date has been set, and (3) whether the stay will likely result in simplifying the case before the court." *NFC Techs. LLC v. HTC Am., Inc.*,

---

[1] U.S. Patent No. 8,642,012 (the '012 patent) and U.S. Patent No. 8,404,215 (the '215 patent).

Case No. 2:13-CV-1058-WCB, 2015 WL 1069111, at *2 (E.D. Tex. Mar. 11, 2015). "Based on th[ese] factors, courts determine whether the benefits of a stay outweigh the inherent costs of postponing resolution of the litigation." *Id.*

**Undue prejudice.** This factor favors a stay. The Asserted Patents claim methods of using Ravicti (*see* '215 patent col. 24, ll. 27–39) a nitrogen scavenging drug that the FDA has labeled an "orphan drug" (Dkt. No. 151 at 2). Ravicti's status prevents Par, or any drug manufacturer, from launching a generic version of Ravicti until February 2020. (Dkt. No. 151 at 2; Dkt. No. 161 at 2.) A stay, thus, will not prejudice the enforcement of Horizon's patent rights. Little risk of infringement exists because even if this litigation were stayed until the PTAB issues its IPR decision, all proceedings would conclude before February 1, 2020, which is over four years from now.

**Advanced stage.** This factor disfavors a stay. Discovery has closed, the dispositive motions deadline is on December 18, 2015, and the case is set for trial in March 2016. (Dkt. No. 122.)

**Simplifying the case.** This factor slightly favors a stay. Even if the PTAB does not invalidate the asserted claims, it will simplify the invalidity case. Par partly contends the Asserted Patents are invalid on grounds that are not before the PTAB. (*See* Dkt. No. 127 (Section 101); Dkt. No. 128 (Section 112).) Par, however, claims that it will also argue that the Asserted Patents are invalid on grounds before the PTAB. (Dkt. No. 151 at 1–2.) The PTAB's written decision may not resolve all issues but it will at least resolve the issue of obviousness which will simplify the case slightly.

Accordingly, Par Pharmaceutical, Inc.'s Renewed Motion to Stay (Dkt. No. 151) is **GRANTED** and this case is **STAYED**. The Parties are directed to submit a joint motion on the

status of the case no later than **TEN DAYS** after the PTAB issues a final written decision with respect to its IPR of the Asserted Patents.

      **SIGNED this 14th day of December, 2015.**

                                                      ROY S. PAYNE
                                                      UNITED STATES MAGISTRATE JUDGE